IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EMMANUEL ADEWALE ADEYINKA**, <br><br>   Plaintiff, <br><br> v. <br><br> **SHERMAN COUNTY**, **THE JUSTICE COURT HARRIS COUNTY, TEXAS PRECINCT 3**, and **UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA**, Commonwealth Court of Pennsylvania, <br><br>   Defendants. | Case No. 3:23-cv-01371-IM <br><br> **OPINION AND ORDER DISMISSING COMPLAINT** |

**IMMERGUT, District Judge.**

This matter concerns Plaintiff Emmanuel Adewale Adeyinka's pro se Application for Leave to Proceed *In Forma Pauperis* ("IFP"), ECF 2. As part of the IFP application process, the Court has screened Plaintiff's Complaint, ECF 1. For the reasons explained below, the Court DISMISSES Plaintiff's Complaint because it fails to state a claim for which relief can be granted. Specifically, the Complaint lacks any factual detail and is impossible to respond to.

PAGE 1 – ORDER

## STANDARDS

The federal IFP statute, 28 U.S.C. § 1915 ("Section 1915"), permits an indigent litigant to forgo the administrative costs associated with initiating and prosecuting a lawsuit in federal court. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). In drafting Section 1915, Congress recognized that a litigant who is not required to shoulder the financial burden of litigating may lack "an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To temper such abuses, Section 1915(e) authorizes a district court to dismiss a complaint upon finding that it (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *id.* § 1915A(b). A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, thereby "spar[ing] prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324; *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (explaining that Section 1915(e) applies to all IFP complaints, and not just those filed by individuals in custody).

As the Ninth Circuit has instructed, however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a self-represented litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31.

## DISCUSSION

Plaintiff brings this suit against Sherman County, the Justice Court in Harris County, Precinct 3, and the Unified Judicial System of Pennsylvania (collectively, "Defendants"). The

PAGE 2 – ORDER

complaint, however, is largely unintelligible and contains many pages of copied-and-pasted passages on various legal doctrines. All that can be discerned from the Complaint is that it involves a Driver's License Denial, Revocation, or Suspension Hearing in Harris County, Texas. *See* Complaint, ECF 1 at 16.

Federal Rule of Civil Procedure 8 requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and instructs that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), 8(d)(1). "A 'claim' is 'the aggregate of operative facts which give rise to a right enforceable in the courts.'" *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (citation omitted). Compliance with Rule 8 therefore requires a plaintiff to plead a short and plain statement "identifying the transaction[s] or occurrence[s] giving rise to the claim[s] and the elements of the prima facie case" for each claim alleged. *Id.* Though detailed factual allegations are not required, a plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, a pleading "that offers 'labels and conclusions,'" "a formulaic recitation of the elements," or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Plaintiff's complaint falls far short of asserting a short and plain statement showing that he is entitled to relief. Indeed, the complaint cannot be served as written. Plaintiff includes no operative facts or identifying details in support of his claims, such as who did what and to whom. Even liberally construed, this Court cannot determine what claims Plaintiff intends to assert, much less the intended target of those claims. Plaintiff thus fails to provide Defendants notice of the claims against them as required by Rule 8, and it would be impossible for anyone to draft an answer to Plaintiff's complaint in its current form. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193,

PAGE 3 – ORDER

199 (9th Cir. 1995) ("Although . . . *pro se* litigant[s] . . . may be entitled to great leeway when the court construes [their] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."). Accordingly, Plaintiff's complaint violates Rule 8 and must be dismissed. *See*, *e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996) (upholding district court's dismissal of a complaint that failed to set forth a short and plain statement of the claims at issue in violation of Rule 8(a)).

In addition, the Court notes that to the extent Plaintiff attempts to bring claims against the States of Oregon, Texas, and Pennsylvania, the Eleventh Amendment bars suit in federal court against either a state or an agency acting under its control absent a clear and unequivocal waiver. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The States of Oregon, Texas, and Pennsylvania have not consented to be sued in federal court or otherwise waived their immunity. Accordingly, this Court dismisses Adeyinka's Complaint.

## CONCLUSION

The Court DISMISSES without prejudice Plaintiff's Complaint, ECF 1, for failure to state a claim for which relief can be granted.

**IT IS SO ORDERED.**

DATED this 28th day of September, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge